**HSBC Bank USA, N.A. v Choudhury**

2024 NY Slip Op 32347(U)

July 8, 2024

Supreme Court, Kings County

Docket Number: Index No.: 14749/2009

Judge: Derefim B. Neckles

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-2 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse,
at 360 Adams Street, Brooklyn, New York,
11201 on the 8th day of July, 2024.

P R E S E N T:

HON. DEREFIM B. NECKLES,

Acting Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HSBC BANK USA, NATIONAL ASSOCIATION, AS
TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC.,
ASSET BACKED CERTIFICATES, SERIES 2007-1

Index No. 14749/2009

Plaintiff,

- against -

SHAMEEM CHOWDHURY, HOME HEATING OIL CORP.
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING VIOLATIONS
BUREAU, NEW YORK CITY TRANSIT ADJUDICATION
BUREAU

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

The following e-filed papers read herein: NYSCEF Doc Nos.

| | |
|---|---|
| Notice of Motion/Affidavits (Affirmations) Annexed | 112-120 |
| Opposition Affirmation to Motion | 121 |
| Reply Affirmation to Motion | 123-124 |

Upon the foregoing papers in this proceeding plaintiff moves (in mot. seq. 16) for

an order: (1) cancelling the notices of pendency; (2) vacating the judgment of foreclosure

and sale; (3) discharging the referee from any further duties; and (4) discontinuing the

foreclosure proceeding.

[* 1]

## Background

This is an action to foreclose a mortgage on the subject property located at 293 Eastern Pkwy, Brooklyn, NY 11238. The summons, complaint and notice of pendency were filed on June 15, 2009. Additional notices of pendency were filed on September 6, 2012, August 20, 2015, and July 26, 2018. An order appointing referee to compute was signed on May 31, 2017 and entered on July 24, 2017. Pursuant to said order, Dean Liakas, Esq. was appointed referee to compute. A judgment of foreclosure and sale was signed on October 24, 2018, and entered on December 11, 2018. Pursuant to said judgment of foreclosure and sale, Gregory M. Laspina, Esq. was appointed referee to sell. Defendant moved to dismiss the action but was denied by this court in an order dated May 8, 2019. Defendant appealed the judgment of foreclosure and sale and the May 8, 2019 order; however, both were affirmed by the Appellate Division on April 13, 2022. Defendant then attempted to reargue this Court's prior decision and moved by order to show cause to vacate the judgment of foreclosure and sale. This motion was denied by an order dated August 16, 2022.

Plaintiff now seeks in this instant motion to discontinue this action pursuant to CPLR 3217(b), without prejudice, because the loan was paid in full. Defendant, Shameem Chowdhury opposes this motion, stating there are matters of contention between the parties; specifically the pending appeal of the August 16, 2022, order before the Appellate Division, and the alleged overpayment of the loan.

[* 2]

## Discussion

CPLR 3217(b) provides that any party asserting a claim may discontinue by order of court and upon terms and conditions the court deems proper. A motion for leave to voluntarily discontinue an action without prejudice rests within the sound discretion of the court and in the absence of special circumstances such as prejudice to the defendant, a motion for voluntary discontinuance should be granted Guillermo Parraguirre v. 27th St. Holding LLC, et.al. 37 A.D.3d 793 (2007).

Here, defendant has failed to show any "special circumstances" that would prevent the court from granting plaintiff's motion for a voluntary discontinuance. Defendant states that are still matters of contention between the parties, referring to the pending appeal before the Appellate Division. This would be defendant's second challenge of the judgement of foreclosure and sale to the Appellate Division. The judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action. *Long Is. Sav. Bank v Mihalios*, 269 AD2d 502, 503 (2d Dept 2000). The Appellate Division has already affirmed the judgment of foreclosure and sale in this matter, and Defendant fails to present any pending issues of counterclaims or defenses that have not yet been addressed by this court.

Defendant further alleges that the Plaintiff has been paid more than Plaintiff is entitled to and wishes to recoup the excessive payments. The voluntary payment doctrine "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law." *Overbay, LLC v Berkman, Henoch,*

[* 3]

*Peterson, Peddy & Fenchel, P.C.,* 185 AD3d 707, 709 (2d Dept 2020). Payments are presumed to be voluntary, and "in order for a protest of payment to be characterized as appropriate, it must be in writing and made at the time of payment." *Id.* Defendant fails to present any evidence to have protested the payment he voluntarily tendered to Plaintiff. Here, the voluntary payment doctrine bars Defendant from contesting his payoff of the subject loan.

Moreover, the defendant's opposition relies on an attorney's affirmation without any affidavit from a person with firsthand knowledge of the facts. Attorney affirmations without direct knowledge of the facts lacks probative value and is insufficient to raise triable issues. *United Specialty Insurance v. Columbia Casualty Company,* 186 A.D.3d 650 (2d Dept. 2020). Consequently, the defendant's opposition, lacking affidavits from knowledgeable individuals, does not provide a substantive challenge to the plaintiff's motion and thus does not merit consideration for altering the outcome of this proceeding. Accordingly, it is

**ORDERED** that Plaintiff's motion is granted in its entirety.

This constitutes the decision and order of the court.

E N T E R,

HON. DEREFIM B. NECKLES
A. J. S. C.
HON. DEREFIM B. NECKLES
A.J.S.C.

2024 JUL 10 AM 10: 02

KINGS COUNTY CLERK
FILED

[* 4]

4 of 4